ORIGINAL

FILED

05/12/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0177

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 20-0177

NANCY JENSEN and JACOB JENSEN,

Petitioners,

v.

MONTANA FOURTH JUDICIAL DISTRICT
COURT, MISSOULA COUNTY, HONORABLE
ROBERT L. DESCHAMPS, III, Presiding Judge

Respondent.

FILED

MAY 1 2 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners Nancy Jensen and Jacob Jensen seek a writ of supervisory control directing the Fourth Judicial District Court, Missoula County, to reverse its Order granting summary judgment in its Cause No. DV-18-819. In that Order, the District Court granted summary judgment in favor of Defendants Farmers Insurance Exchange, Mid-Century Insurance Company, and John Does 1-5 which dismissed Jensens' Unfair Trade Practice Act claims against them. Farmers Insurance Exchange and Mid-Century Insurance Company (Insurers), defendants in the underlying matter, have responded and objected to Jensens' petition for writ.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice

to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Ct.*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Jensens allege supervisory control is necessary in this case because allowing the matter to move forward on only the remaining counts would require piecemeal and duplicative discovery, and the possibility of having to conduct two trials and two appeals for the same controversy. Insurers disagree, arguing that Jensens' petition is effectively an interlocutory appeal of an order granting partial summary judgment, and that taking supervisory control would not serve judicial economy but would instead create a piecemeal appeal.

This Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Ct.* No. OP-19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019). In this case, Jensens have not demonstrated that the normal appeal process is inadequate and have offered no compelling argument as to why this Court should assume supervisory control in this matter.

IT IS THEREFORE ORDERED that Jensens' Petition for a Writ of Supervisory Control is DENIED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Fourth Judicial District Court, Missoula County, Cause No. DV-18-819, and the Honorable Robert L. Deschamps, III, presiding.

DATED this 12th day of May, 2020.

_____
Chief Justice

_____

2

Justices